IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOYCE ANN WOLSKI, A/K/A**
**JOY ANN ABAGAIL OCONNER-WOLSKI,**

    **Plaintiff,**

v.                                                                  Civ. No. 08-0297 ACT/WPL

**ROSE GARDUNO,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER**
**DISMISSING COMPLAINT**

**THIS MATTER** comes before the Court on Plaintiff Joyce Ann Wolski's application to proceed *in forma pauperis* ("IFP"), filed March 20, 2008, *see* Doc. 2, and on the Court's concomitant obligation "to review the affidavit and screen [her] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Wolski has consented to proceed before a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b). *See* Doc. 4.

Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

In screening the complaint, the Court resolves the issue whether the complaint states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' factual

>allegations in a complaint must be enough to raise a right to relief above the speculative level.  In addition, [the Court] must construe a pro se [] complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted).

A complaint may be dismissed as frivolous under § 1915(e)(2) if it is premised on a nonexistent legal interest or delusional factual scenario.  *See Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989).  Section 1915(e)(2) "rationally advances the legitimate goal of removing meritless cases from the federal dockets by allowing the courts to review *sua sponte* claims that are particularly likely to lack merit, since indigent litigants have less financial incentive than do paying litigants to screen their potential claims."  *Curley v. Perry*, 246 F.3d 1278, 1285 (10th Cir. 2001).

>To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. . . . Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

*Neitzke*, 490 U.S. at 327-28.  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The Court has carefully reviewed the application and the complaint.  The Court first notes that Wolski has not alleged facts showing that she is indigent – she reports an income of over $1000/month and no housing costs or other bills or indebtedness.  *See* Doc. 2 at 2-3.  More critically, however, many of Wolski's allegations in her complaint are patently delusional.  She claims, for example, that her aunt, Defendant Rose Garduno, is killing babies because she "likes to drink their diapers and eat their fetuses." Doc 1 at 8.  She alleges that Garduno caused her to be homeless by killing the workers at the Executive Suites with "her dwey gun" and "pa[ying] off others to leave," and by "tearing apart" a shelter in Rio Rancho where Wolski could have stayed.  *See id.*   She claims that Garduno is trying to "petition" her to a hospital where Garduno's "'people' can poise [sic] as doctors, nurses, etc. and torture [her] with prolixin which [she] can't take do [sic] to [her] blood type."  *Id.* at 9.  Wolski claims that she "is being tazzed, dived and having nytroglycerin [sic],

gunpowder and sodium phospase [sic] and more in [her] direction" by Garduno, who does this in "pipes underground in which her and her friends call the Worrley World where they could hurt anyone, anytime and embezzel [sic] them as well." *Id.* at 10.

On a less delusional note, Wolski further states that Garduno has stolen her car and took away her car insurance so that Wolski "could not collect or report any money regarding this matter." *Id.* at 8.  She also claims that Garduno stole her debit and VISA cards, and has changed her checks "so that the check numbers do not jive of those on the account." *Id.*  While these claims may potentially allege state-law claims for theft, Wolski states that both she and her aunt are citizens of Arizona.  *See* Doc. 1 at 1.  Wolski has alleged insufficient facts to state a claim that invokes federal jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, and the Court must dismiss her complaint.

**IT IS ORDERED** that Wolski's application to proceed IFP (Doc. 2) is DENIED;

**IT IS FURTHER ORDERED** that her complaint is DISMISSED without prejudice.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE, Presiding**